UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ASHLEY LARRIMORE,
Plaintiff,

v.

LEAD CASE No. 25-cv-11980-AK
CONSOLIDATED CASE No. 25-cv-13291-AK

BRANDON CAPPS,
VELOCITY WEALTH MANAGEMENT, LLC,
Defendants.

REPORT AND RECOMMENDATION
ON THE MOTION TO DISMISS *LARRIMORE*

ORDER ON THE MOTION TO STRIKE (#64)[1]

[1] District Judge Kelley consolidated *Larrimore v. Capps et al.*, No. 25-cv-13291-AK ("*Larrimore*"), with *Vulfovich et al. v. Capps et al.*, No. 25-cv-11980-AK ("*Vulfovich*"), for pretrial purposes on February 25, 2026, and instructed the *Larrimore* parties to re-file the pending motion to dismiss and associated briefing in *Vulfovich*, which the parties did. *See* #20 in *Larrimore*; #63 in *Vulfovich*; #64 in *Vulfovich* (*Larrimore* motion to dismiss and supporting materials); #65 in *Vulfovich* (*Larrimore* opposition); #66 in *Vulfovich* (*Larrimore* reply); *see also* #67 in *Vulfovich* (*Larrimore* errata). Prior to consolidation, District Judge Kelley referred *Vulfovich* to the undersigned for full pretrial purposes, including reports and recommendations on dispositive motions. *See* #46 in *Vulfovich*.

Objections to the order on the motion to strike must comply with Fed. R. Civ. P. 72(a). Objections to the report and recommendation on the motion to dismiss must comply with Fed. R. Civ. P. 72(b), meaning that the objecting party must file written objections within fourteen (14) days of service of the report and recommendation, specifically identifying the portions of the report and recommendation to which objections are made and stating the bases for such objections. Failure to comply with Rule 72(b) will preclude further appellate review.

KELLEY, U.S.M.J.

I. Introduction.

On behalf of his wife, Dr. Erica Greenberg, and her sister's husband, Dr. Michael Vulfovich, in July 2025, Attorney Joseph Prive filed suit against Brandon Capps and Velocity Wealth Management, LLC ("Velocity"), in Massachusetts state court, alleging mainly breach of fiduciary duty by the former financial advisor. Capps and Velocity soon removed the case on the basis of diversity of citizenship, and no question has been raised here that Drs. Greenberg and Vulfovich (and Attorney Prive) were at all relevant times domiciled in Massachusetts while Capps and Velocity were at all relevant times domiciled in Arizona. *See* #1 in *Vulfovich*, notice of removal; *see also* #7 in *Vulfovich*, first amended complaint. In August 2025, Capps and Velocity asserted defamation and related counterclaims against Drs. Greenberg and Vulfovich and Attorney Prive under Arizona law. *See* #11 in *Vulfovich*, answer and counterclaims.[2]

In November 2025, invoking the Court's diversity jurisdiction, Attorney Prive filed suit against Capps and Velocity on behalf of Dr. Ashley Larrimore, bringing Massachusetts common

[2] The *Vulfovich* Counterclaim Defendants unsuccessfully moved to dismiss the counterclaims. *See* #49 in *Vulfovich* (report and recommendation on Massachusetts anti-SLAPP statute motions) and #57 (adopted); *see also* #53 in *Vulfovich* (report and recommendation on Fed. R. Civ. P. 12(b) motions) and #58 (adopted). Two pending motions in *Vulfovich* likewise seek to dispose of counterclaims: Attorney Prive's pro se motion for judgment on the pleadings, *see* #86 in *Vulfovich*, and the Counterclaim Defendants' motion for partial summary judgment, *see* #99 in *Vulfovich*. The court will address those motions by separate report and recommendation. Likewise, the court will address by separate report and recommendation the claim-dispositive motions filed by new *Vulfovich* defendants, The Guardian Life Insurance Company of America ("GLIC"), *see* #108 in *Vulfovich*, and Pacific Advisors LLC, *see* #105 in *Vulfovich. See also* #82 in *Vulfovich*, second amended complaint.

law claims for breach of fiduciary duty, negligence, and negligent misrepresentation, and claims under Mass. Gen. Laws ch. 93A and 109A. *See* # 1 in *Larrimore*, original complaint.[3]

Shortly after filing suit, Attorney Prive filed an amended complaint on Dr. Larrimore's behalf, which is the operative complaint. *See* #5 in *Larrimore*, amended complaint (hereinafter, "*Larrimore* Compl."). In it, Dr. Larrimore asserts that "[v]enue is proper in this district under 28 U.S.C. § 1391(b)(3), in that Defendants are subject to the Court's personal jurisdiction with respect to this action." *Larrimore* Compl. ¶ 6. Count I is for breach of fiduciary duty, *see id*. ¶¶ 40-44; Count II is for negligence, *see id*. ¶¶ 45-49; Count III is for negligent misrepresentation, *see id*. ¶¶ 50-57; Count IV is for fraudulent transfer under Mass. Gen. Laws ch. 109A, *see Larrimore Compl.* ¶¶ 58-66; Count V is for unfair and deceptive acts under Mass. Gen. Laws ch. 93A, *see Larrimore* Compl. ¶¶ 67-73; and Count VI purports to state a civil cause of action under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c), *see Larrimore* Compl. ¶¶ 74-94.

Capps has moved under Fed. R. Civ. P. 12(b)(3) to dismiss *Larrimore* for improper venue. *See* #64 in *Vulfovich*. In his memorandum in support, *see* #64-2 in *Vulfovich* (hereinafter, "*Larrimore* Mem."), he requests as an alternative to dismissal transfer of venue, either to the United States District Court for the District of Arizona or to the United States District Court for the Southern District of Ohio. *Larrimore* Mem. at 15. In the same motion, Capps has moved under Fed. R. Civ. P. 12(b)(6) to dismiss Dr. Larrimore's RICO claim, Count VI, *see* #64 in *Vulfovich; see also Larrimore* Mem. at 16-28, and under Fed. R. Civ. P. 12(f) to strike allegedly irrelevant

[3] As it has throughout this case, for simplicity's sake, the court refers to Capps and Velocity as "Capps."

and scandalous allegations from the complaint, *see* #64 in *Vulfovich; see also Larrimore* Mem. at 28-31.

Dr. Larrimore initially opposed Capps' motion to dismiss in its entirety, *see* #65 in *Vulfovich* (hereinafter, "*Larrimore* Opp."), but later filed a notice of voluntary dismissal of the RICO claim pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i), *see* #74 in *Vulfovich*.[4] Accordingly, so much of Capps' motion that seeks dismissal of Count VI is moot.

Ultimately, in this court's view, venue is improper in this district, but *Larrimore* should be transferred instead of dismissed. The court denies so much of Capps' motion that seeks to strike allegedly irrelevant and scandalous allegations from the complaint, without prejudice, as his arguments in that regard can be raised in the transferee court.

## II. Discussion.

### A. Venue.

#### 1. Law.

Venue refers to the judicial district in which a civil action should be brought; "[i]n most instances, the purpose of statutorily specified venue is to protect the *defendant* against the risk that a plaintiff will select an unfair or inconvenient place for trial.'" *Leroy v. Great Western United Corp.*, 443 U.S. 173, 183-84 (1979) (emphasis in original). As relevant here, under the general venue statute, venue is proper in a district if a "substantial part of the events or omissions giving rise to the claim occurred" in that district. 28 U.S.C. § 1391(b)(2).[5] In determining whether a

---

[4] Dr. Larrimore also filed a notice of voluntary dismissal of the fraudulent transfer claim, Count IV. *See* #76 in *Vulfovich*.

[5] Neither of the other two sections of 28 U.S.C. § 1391(b) apply. Under § 1391(b)(1), an action may be brought in a district in which any defendant resides if all defendants are residents of the state in which the district is located. *Id.*; *see also* 28 U.S.C. § 1391(c) (defining residency; a person is a resident of the district in which he is domiciled while an entity with the capacity to sue and be

substantial part of the events or omissions giving rise to the claim occurred in its district, under First Circuit precedent, the court does not look to a single "triggering event" that prompted the action but, rather, to the entire sequence of events underlying the claim. *Uffner v. La Reunion Francaise, S.A.*, 244 F.3d 38, 42 (1st Cir. 2001); *see Astro-Med, Inc. v. Nihon Kohden Am., Inc.*, 591 F.3d 1, 12 (1st Cir. 2009). It takes a "holistic view" of the conduct underlying the claim and does not focus on the conduct of any one party. *Uffner*, 244 F.3d at 42 n.6; *see Astro-Med, Inc.*, 591 F.3d at 12. And the court ultimately determines a proper venue, not the best one. *Astro-Med,* 591 F.3d at 12; *see Uffner*, 244 F.3d at 42 ("…when the events underlying a claim have taken place in different places, venue may be proper in any number of districts").

On a Fed. R. Civ. P. 12(b)(3) motion to dismiss for improper venue, the plaintiff bears the burden to show that the venue in which the action has been brought is proper. *Turnley v. Banc of Am. Investment Srvcs., Inc.*, 576 F. Supp. 2d 204, 211-12 & n. 6 (D. Mass. 2008); *see Krick v. Raytheon Co.*, 695 F. Supp. 3d 202, 209 (D. Mass. 2023). The court is not confined to the allegations in the complaint. *Krick*, 695 F. Supp. 2d at 209. It accepts the plaintiff's well-pled allegations bearing on venue as true, unless contradicted by the defendant's affidavits. *Turnley*, 576 F. Supp. 2d at 211.

---

sued, if a defendant, is a resident of any district in which it is subject to the court's personal jurisdiction with respect to the action). For purposes of the general venue statute, Capps and Velocity are residents of Arizona. *See also Larrimore* Compl. ¶¶ 2-3 (Capps "is an individual residing in Arizona" and Velocity "is an Arizona company"). So, under § 1391(b)(1), the action could have been brought in the District of Arizona.

Because the action could have been brought in the District of Arizona under at least § 1391(b)(1), contrary to Dr. Larrimore's assertion in the complaint, *see Larrimore* Compl. ¶ 6, § 1391(b)(3) also does not apply. *See* 28 U.S.C. § 1391(b)(3) ("if there is no district in which an action may otherwise be brought …").

2. Relevant facts.

According to the complaint, in 2013, Dr. Larrimore was a medical resident in the UMass Chan Medical School program, *see Larrimore* Compl. ¶ 20, and that year, Capps visited the program, *see id*. at 1.[6] According to the complaint, Capps sold Dr. Larrimore an unsuitable "whole life policy" in 2013 and from 2013 to 2024, he concealed and misrepresented his commissions and sales-competition incentives and the "adverse structure" of that policy. *Id*. ¶¶ 11, 24-26. Also according to the complaint, "[f]rom around 2015 until 2024," Capps invested Dr. Larrimore's savings and retirement in the unsuitable "Matson funds of funds." *Id*. ¶¶ 27-28.

Lastly, according to the complaint, Capps "initiated the engagement" and "engaged [Dr. Larrimore] beginning at" UMass Chan Medical School. *Id*. ¶¶ 21, 22. "Capps held himself out to Dr. Larrimore as an independent advisor to induce her into an advisor-client relationship when she was a medical resident at [UMass Chan Medical School] in 2013." *Id*. ¶ 20.

Capps argues and presents evidence that Dr. Larrimore did not apply for the relevant "whole life policy" in 2013 when she was living in Massachusetts, as Dr. Larrimore alleges in the complaint; rather, Dr. Larrimore applied for the relevant "whole life policy" in 2015, after she had moved to Ohio. *See Larrimore* Mem. at 7-8, 13. Specifically, Capps submits an "[a]ffirm[ation]" in which he attests subject to penalties of perjury that he was invited to give a presentation regarding disability insurance to the UMass Chan Medical School medical resident program in 2013. He admits that in 2013, Dr. Larrimore purchased a disability insurance policy from him, but he denies that he provided her financial advisor services at that time. *See* #64-3 in *Vulfovich* (hereinafter, "Capps Affidavit") ¶ 1.

[6] The further allegation that Capps visited the program "to" "sell" Massachusetts residents unsuitable products and "mislead" them is conclusory.

To Capps' knowledge, Dr. Larrimore has been a resident of Ohio since at least August 2015, and she engaged him for financial advisor services after she moved there. *See* Capps Affidavit ¶¶ 2, 5.[7] Capps attests that in connection with onboarding Dr. Larrimore as a client, he completed a worksheet with information provided by Dr. Larrimore. A copy of the worksheet, dated August 2015, is an exhibit to Capps' affidavit, *see id.* ¶ 2; Dr. Larrimore's listed address is in Ohio. *See* #64-4 in *Vulfovich*.

Capps attests that in September 2015, Dr. Larrimore applied for a life insurance policy with GLIC and later amended the application to the "whole life policy" that Dr. Larrimore alleges in the complaint was unsuitable. *See* Capps Affidavit ¶ 3. A copy of the application and amendment is an exhibit to Capps' affidavit, *see id.*; again, Dr. Larrimore's listed address is in Ohio. *See* #64-5 in *Vulfovich*.

Capps attests that in November 2015, Dr. Larrimore signed a new application with Park Avenue Securities, through which the allegedly unsuitable "Matson funds of funds" were purchased. *See* Capps Affidavit ¶ 4. A copy of the application is an exhibit to Capps' affidavit, *see id.*; again, Dr. Larrimore's listed address is in Ohio. *See* #64-6 in *Vulfovich*.

3. <u>Analysis</u>.

In arguing that venue is proper in this district, Dr. Larrimore does not attempt to support the allegation in the complaint that Capps sold her the relevant "whole life policy" in 2013. As set out above, the record supports a finding that in fact she applied for that policy in 2015, after she moved to Ohio.

---

[7] There is evidence in the record that Dr. Larrimore was issued an Ohio driver's license in July 2015. *See* #64-6 in *Vulfovich* at 7.

Rather, Dr. Larrimore argues that Capps' presentation at UMass Chan Medical School and sale of the disability insurance policy in 2013 were "foundational" events to the financial-advisor relationship that "later gave rise to" her claims. *See Larrimore* Opp. at 7. Strangely, with her opposition, Dr. Larrimore has not submitted her own affidavit attesting to what she understood from Capps' UMass presentation, assuming she attended it, or what she understood from her other interactions with him. Instead, she submits an affidavit of Dr. Zachary Jepson, who attests to inviting Capps to give the UMass presentation and to what he understood from his interactions with Capps before and after he extended that invitation. *See* #65-1 in *Vulfovich*. Dr. Jepson does not, nor could he competently, attest to what Dr. Larrimore understood from her interactions with Capps. His affidavit adds nothing to the court's analysis.

What remains, then, are the allegations in the complaint and from them, the court is not persuaded that Capps' UMass presentation and sale of the disability insurance policy in 2013 were a "substantial part of the events or omissions giving rise to" Dr. Larrimore's claims. She does not claim that the disability insurance policy was unsuitable; per the well-pled allegations, specifically at issue in this action are the "whole life policy," which, the record now shows, Capps sold Dr. Larrimore in 2015 after she moved to Ohio, and the "Matson funds of funds," which even according to the complaint were not purchased until 2015, *see Larrimore* Compl. ¶ 27.

More generally, this action is about the breach of alleged fiduciary duties in the course of providing financial advisor services. That "Capps held himself out to Dr. Larrimore as an independent advisor to induce her into an advisor-client relationship" when she was still living in Massachusetts, *see Larrimore* Compl. ¶ 20, is not a "substantial" part of the events "giving rise to" the claims that after Dr. Larrimore was "induce[d]" and that "advisor-client relationship" formed, Capps breached putative duties.

C. Transfer.

Where, as here, none of the sections of 28 U.S.C. § 1391(b) apply, venue is improper and under § 1406(a), the action must be dismissed or if it is "in the interest of justice," transferred to a district in which the action could have been brought.[8] *See Atl. Marine Const. Co., Inc. v. U.S. Dist. Ct. for Western Dist. of Texas*, 571 U.S. 49, 56 (2013). The question of whether to dismiss an action or to order a venue transfer is left to the court's discretion. *Kaul v. Boston Partners, Inc.*, #21-cv-10326-ADB, 2021 WL 3272216, at *2 (D. Mass. July 30, 2021) (citing *Gill v. Nakamura*, #14-cv-13621-NMG, 2015 WL 5074475, at *6 (D. Mass. July 24, 2015) (Bowler, M.J.), *report and recommendation adopted*, #14-cv-13621-NMG, #29 (D. Mass. Aug. 25, 2015)), *aff'd sub nom., Kaul v. Boston Partners Global Investors, Inc.*, #21-1686, 2024 WL 3963961 (1st Cir. Feb. 9, 2024).

"'The Supreme Court has made clear that a venue transfer is ordinarily preferable to dismissal, both because it is more efficient and because it reduces the risk of undue prejudice to the plaintiff from having to file a new lawsuit.'" *Kaul*, 2021 WL 3272216, at *2 (quoting *Johnson v. Gen. Dynamics Info. Tech., Inc.*, 675 F. Supp. 2d 236, 242 (D. N.H. 2009) (citing *Johnson v. Ry. Express Agency, Inc.*, 421 U.S. 454, 466 n.12 (1975)). "'Dismissal is usually reserved for cases where the plaintiff intentionally filed [her] claim in the wrong venue or for an improper purpose, or where transfer would be futile because no better venue exists.'" *Id.* (quoting *Johnson*, 675 F. Supp. 2d at 242-43). "Generally, courts elect to dismiss rather than transfer only when the plaintiff

---

[8] This transfer statute provides: "The district court of a court in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

engaged in tactical maneuvering to obtain a litigation advantage or otherwise abused the litigation process." *Id*.

Capps does not argue that a venue transfer would be futile because no better venue exists; to the contrary, as noted, he requests as an alternative to dismissal transfer of venue either to the District of Arizona or the Southern District of Ohio.[9] Although he argues that Dr. Larrimore has "purposely engaged in venue shopping," *see Larrimore* Mem. at 15, this argument is not premised on some difference between Massachusetts and Arizona or Ohio law that works in Dr. Larrimore's favor. Nor does Capps argue that this court lacks personal jurisdiction over him. *Contrast*, *e.g.*, *Pedzewick v. Foe*, 963 F. Supp. 48, 50-52 (D. Mass. 1997) (declining to transfer where the plaintiff, who filed the lawsuit on the last day of the applicable statute of limitations, could not have reasonably believed that this court had personal jurisdiction over the defendants).

Capps' "venue shopping" argument is, rather, premised on *Vulfovich*. He argues that this district is the preferred one for Attorney Prive, as a Counterclaim Defendant in that case, and moreover, by suing here, Dr. Larrimore has been able to "combine forces" with Drs. Greenberg and Vulfovich. *See Larrimore* Mem. at 15. To this court, it seems more likely that an attorney, if given the choice, would choose to litigate in a different court than the court in which he is accused of tortious conduct. And Dr. Larrimore could, and presumably would, have included allegations regarding *Vulfovich* in the complaint regardless of where she filed it.

Capps argues that Dr. Larrimore attempted to manufacture venue in this district by falsely alleging that he sold Dr. Larrimore the relevant "whole life policy" when she was living in

[9] Dr. Larrimore does not argue that the District of Arizona is an improper venue, nor could she. *See Larrimore* Compl. ¶¶ 2-3; *see also* 28 U.S.C. § 1391(b)(1). While she does not concede that the Southern District of Ohio is a proper venue, she also does not argue that it is an improper one. She does not make clear her wishes regarding transfer in the event the court finds (as this court does find) that this district is an improper venue. *See Larrimore* Opp. at 8.

Massachusetts, *see Larrimore* Compl. ¶ 25, and by incorrectly asserting that 28 U.S.C. § 1391(b)(3) applies because this is a district in which Capps and Velocity are subject to the court's personal jurisdiction with respect to the action, *see id.* ¶ 6. *See Larrimore* Mem. at 15. But Dr. Larrimore's misapplication of § 1391(b)(3) meant that she likely was not concerned with § 1391(b)(2) and thus where she was living when Capps sold her the "whole life policy."

While a substantial part of the events or omissions giving rise to Dr. Larrimore's claims did not occur here, this district is not wholly unconnected to this action, and particularly where Capps is defending against similar claims and asserting his own here, it was not unreasonable to bring this action in this district. Nor, finally, has Capps brought to this court's attention prior litigation abuses comparable to those found significant by other courts deciding between dismissal and venue transfer. *Contrast*, *e.g.*, *Kaul*, 2021 WL 3272216, at *2-3 & nn. 9, 10, 13 (in dismissing action rather than ordering a venue transfer, noting evidence that the pro se plaintiff inquired about applying for a medical license in Massachusetts specifically to litigate in this district rather than in the District of New Jersey, as well as the plaintiff's history of filing actions based on the same allegations in numerous other districts and voluntarily dismissing his actions in the District of New Jersey and naming the District of New Jersey as a defendant in an action in the District of Texas).

III. <u>Recommendation and Order on #64</u>.

The Fed. R. Civ. P. 12(b)(3) motion to dismiss *Larrimore* should be allowed to the extent that it seeks a venue transfer. Dr. Larrimore should be permitted seven (7) days from the adoption of the report and recommendation to state the district she wishes the court to transfer her action to pursuant to 28 U.S.C. § 1391(b)'s requirements. *Compare*, *e.g.*, *Krick*, 695 F. Supp. 3d at 220.

The Fed. R. Civ. P. 12(b)(6) motion to dismiss Count VI should be denied as moot given Dr. Larrimore's voluntary dismissal of that RICO claim.

The Fed. R. Civ. P. 12(f) motion to strike allegedly irrelevant and scandalous allegations from the complaint is denied without prejudice.

/s/ M. Page Kelley
M. Page Kelley
United States Magistrate Judge

August 17, 2026

-